Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 7367 | **DATE** | 1/25/2012 |
| **CASE TITLE** | Nat'l Fire Ins. Co. vs. A. Schulman Inc. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the Court grants defendant's motion to dismiss [# 9] and directs the Clerk to enter judgment dismissing this action.

■[ For further details see text below.]

Docketing to mail notices.
*Mail AO 450 form.

## STATEMENT

National Fire Insurance Company (NFI), an Illinois corporation, issued a liability insurance policy to A. Schulman Inc. (Schulman), an Ohio corporation. Schulman filed a lawsuit against a former employee in Ohio, and the former employee counterclaimed. NFI denied coverage and declined to defend Schulman on the counterclaim. It is undisputed that the Ohio lawsuit is over and done with. On October 5, 2011, Schulman sent NFI correspondence demanding payment for its legal expenses and proposing to arbitrate the dispute. NFI responded that it would respond by October 24, 2011. Instead, NFI filed the present lawsuit on October 18, 2011, seeking a declaratory judgment that its earlier determination that the insurance policy did not cover the counterclaim was correct and that it does not owe Schulman anything.

Schulman has moved to dismiss, asking the Court to decline to exercise jurisdiction over NFI's declaratory judgment claim. Schulman has alternatively moved to transfer the case to the Northern District of Ohio pursuant to 28 U.S.C. § 1404(a).

There is no question that there is an "actual controversy" that enables NFI to seek a declaratory judgment under 28 U.S.C. § 2201(a). A court has discretion, however, to dismiss a claim for declaratory relief over which it has jurisdiction. *See, e.g., Envision Healthcare, Inc. v. PreferredOne Ins. Co.*, 604 F.3d 983, 986 (7th Cir. 2010). In this case, it is rather apparent that NFI ran to the courthouse to attempt to obtain a forum more convenient to it in order to litigate what amounts to a defense in a lawsuit for damages that Schulman might file. NFI does not need prospective relief to determine how to act in the future; its lawsuit is entirely backward-looking and involves rights or liabilities that have already accrued. Given these circumstances, the Court concludes that it should abstain from exercising its jurisdiction under the Declaratory Judgment Act. *See, e.g., Cunningham Bros., Inc. v. Bail*, 407 F.2d 1165, 1167-68 (7th Cir. 1969); *Nat'l Union Fire Ins. Co. v. Pittsburgh, v. Int'l Wire Group, Inc.*, No. 02 Civ. 10338 (SAS), 2003 WL 21277114, at *4-6 (S.D.N.Y. June 2, 2003); *Federal Ins. Co. v. May Dept. Stores Co.*, 808 F. Supp. 347, 349-51 (S.D.N.Y. 1992).

11C7367 Nat'l Fire Ins. Co. vs. A. Schulman Inc.                                                            Page 1 of 2